**Deborah Emily Langley KIBBY, Appellant,**

.v.

**Thomas Dalton LANGLEY and T. C. Langley, Appellees.**

No. 20527.

Court of Civil Appeals of Texas, Dallas.

March 3, 1981.

Richard Abernathy, Abernathy & Roeder, McKinney, for appellant.

Bill Boyd, Boyd, Veigel & Gay, McKinney, for appellees.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

Deborah Emily Langley Kibby now seeks review by writ of error of an order modifying the managing conservatorship of the minor child born to her during her marriage to Thomas Dalton Langley. We affirm because the modifying order was rendered upon the agreement of the parties as authorized by Tex.Fam.Code Ann. § 14.06; consequently, Mrs. Kibby's complaints relating to noncompliance with provisions for a contested modification under Tex.Fam.Code Ann. § 14.08 are immaterial.

Mrs. Kibby and Thomas Dalton Langley were divorced on December 15, 1978. In the decree of divorce, Mrs. Kibby was named the managing conservator and Mr. Langley was named possessory conservator of their minor child, Thomas Dalton Langley, II. On August 7, 1979, Mr. Langley filed a motion to modify conservatorship requesting that he be named managing conservator and attaching thereto a supporting affidavit showing as cause therefor that there was a current investigation of abuse toward the minor child. On August 31, 1979, Mrs. Kibby signed an affidavit in which she *joined* in Langley's motion and *agreed* to the naming of T. C. Langley, the child's grandfather, as managing conservator. On September 14, 1979, Langley amended his motion to modify conservatorship so as to request that the grandfather be appointed in keeping with the consent and request of Mrs. Kibby. A final hearing was held on the same day and the grandfather was appointed managing conservator for the child in accordance with what had become the joint motion of the parents.

Mrs. Kibby argues that the court erred in ordering the modification because Mr. Langley failed to comply with the provisions of Tex.Fam.Code Ann. § 14.08, specifically: (1) that she was not given 30 days notice of the hearing as required by section 14.08(b); (2) that she was not properly served with process; (3) that appellee failed to attach his affidavit to the amended motion to modify as required by section 14.-08(d); (4) that the lower court failed to deny the motion as required by section 14.-08(e) in cases where there is no attached affidavit; and (5) that she was not furnished with a copy of the amended motion to modify.

Mr. Langley responds that since the trial court's modification order was granted under section 14.06 of the Family Code (Vernon 1980) as an agreed case, failure to comply with section 14.08 did not constitute error. We agree with Mr. Langley. Section 14.06, as originally enacted, provides:

(a) To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provisions for conservatorship and support of the child.

(b) If the court finds the agreement is not in the child's best interest the court may request the parties to submit a revised agreement or the court may make orders for the conservatorship and support of the child.

(c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them.

(d) Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides.

The 66th legislature amended subdivision (a) effective August 27, 1979 (20 days after Langley filed his motion and 4 days before Mrs. Kibby's affidavit of consent). The amended subdivision provided:

(a) To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provisions for conservatorship and support of the child, *modifications of agreements or orders providing for conservatorship* and support of the child, and appointment of joint managing conservators. [Emphasis added.]

Section 14.08 of the Family Code (Vernon 1980), as last amended (effective September 1, 1975) provides:

(a) A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for support for, or access to a child may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship. Any party affected by the order or the portion of the decree to be modified may file the motion.

(b) Each party whose rights, privileges, duties, or powers may be affected by the motion is entitled to at least 30 days' notice of a hearing on the motion to modify.

(c) After a hearing, the court may modify an order or portion of a decree that:

(1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child; or

(2) provides for the support of a child, sets the terms and conditions for access to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree; except that an order providing for the support of a child may be modified only as to obligations accruing subsequent to the motion to modify.

(d) If the motion is filed for the purpose of changing the designation of the managing conservator and is filed within one year after the date of issuance of the order or decree to be modified, there shall be attached to the motion an affidavit executed by the person making the motion. The affidavit must contain at least one of the following allegations along with the supportive facts:

(1) that the child's present environment may endanger his physical health or significantly impair his emotional development; or

(2) that the managing conservator is the person seeking the modification or consents to the modification, and the modification is in the best interest of the child.

(e) On the filing of a motion to which the provisions of Subsection (d) of this section apply, the court shall deny the motion and refuse to schedule a hearing unless the court determines, on the basis of the affidavit, that adequate facts to support an allegation listed in Subdivision (1) or (2) of Subsection (d) of this section are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, a time and place for the hearing shall be set.

When Langley filed his motion for modification on August 7, 1979, section 14.08 was necessarily invoked for it was (until August 27, 1979) the only provision of the Family Code affecting modification. When the amendment of section 14.06 became effective on August 27, 1979, Langley's motion was still pending and unresolved. Mrs. Kibby advances no reason, and we know of none, why the amendment of section 14.06 did not make section 14.06 available for the resolution of Mr. Langley's motion as well as section 14.08. The difference between the two sections is revealed when we note that section 14.06 by its terms contemplated "amicable settlement" while the terms of section 14.08 apply to an adversary proceeding. When, after the effective date of the amendment of section 14.06, Mrs. Kibby executed an affidavit joining Langley's motion urging the grandfather's appointment as managing conservator, and Langley amended his motion to likewise urge the grandfather's appointment, the trial court

had before it an "amicable settlement" authorized by section 14.06, needing only the court's concurrence that the appointment of the grandfather was in the best interest of the child. Our record reflects that a hearing was conducted by the court in order to make such a determination. Mrs. Kibby does not challenge the evidence given at the hearing, or the conclusion drawn by the court therefrom, i. e. that the "amicable agreement" was in the best interest of the child. Since the legislature has seen fit to provide that modification may be sought under *either* of the two provisions of the Family Code, sections 14.06 or 14.08, the parties are not required to comply with *both* sections. Consequently, we hold that the trial court did not err in granting modification under section 14.06, nor did the trial court err in failing to require Langley to comply with the more onerous procedural burdens of section 14.08 because that section does not apply.

Mrs. Kibby also argues that she could not and did not "waive" compliance with section 14.08 by the execution of her affidavit. We agree that Mrs. Kibby did not "waive" anything by her affidavit since, to the contrary, she became a moving party thereby. Mrs. Kibby's affidavit states in the body thereof:

My name is Deborah Emily Langley, and I am the managing conservator of THOMAS DALTON LANGLEY, II. I hereby consent to the modification sought in the Motion to Modify in Suit Affecting the Parent-Child Relationship to which this affidavit is attached, *and I seek such modification*, which modification is in the best interest of the child. . . . [Emphasis added.]

When Mrs. Kibby became a moving party (seeking the identical relief sought by Mr. Langley), the issue of modification theretofore existing for resolution under section 14.08 with its "due process" safeguards for the non-moving party disappeared. Mrs. Kibby can hardly be heard to say that the modification order she sought should be reversed because she was not accorded "due process." We hold that when an "amicable settlement" of a modification motion is reached by the parties affected, and the court concurs therein as authorized by section 14.06, neither party may complain of his, or her, own act or the modification order resulting therefrom because the child's best interests are not to be subjected to such caprice.

Affirmed.